UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRISTOL COUNTY RETIREMENT
SYSTEM, individually and on behalf of all
others similarly situated,

                Plaintiff,

-v-

TELEFONAKTIEBOLAGET LM
ERICSSON, *et al.*,

                Defendants.

No. 18-cv-3021 (RJS)
OPINION AND ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/24/18

RICHARD J. SULLIVAN, District Judge:

Before the Court is a putative class action brought under the Private Securities Litigation Reform Act of 1995 ("PSLRA") on behalf of investors who claim to have suffered damages as a result of Defendants' violations of various securities statutes. (Doc. No. 1 ("Compl.").) Now before the Court is a motion filed by the Oklahoma Law Enforcement Retirement System ("OLERS") for (1) its appointment as lead plaintiff, and (2) appointment of its chosen counsel as lead counsel. (Doc. No. 24.) For the reasons set forth below, the Court appoints the Oklahoma Law Enforcement Retirement System as lead plaintiff and appoints its chosen attorneys, Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the putative class.

I. BACKGROUND

On April 5, 2018, the Bristol County Retirement System filed this suit under Sections 10(b) and 20(a) of the Securities Act of 1934, 15 U.S.C. §§ 78j(b) and 78tt(a), on behalf of a putative class of all individuals or entities that acquired Telefonaktiebolaget LM Ericsson ("Ericsson") American Depositary Shares ("ADSs") between April 8, 2013 and July 17, 2017. (Compl. at 1–2.) On the same day, the Bristol County Retirement System published a notice of the pending

litigation. (*See* Doc. No. 23-3.) Pursuant to the PSLRA, motions for appointment as lead plaintiff were therefore due by June 5, 2018. 15 U.S.C. § 78u-4(a)(3)(A)(i). On that day, two motions were filed: the motion before the court and a motion on behalf of the Greater Pennsylvania Carpenters' Pension Fund. (*See* Doc. Nos. 21–23 (Greater Pennsylvania Carpenters' Pension Fund); 24–26 (OLERS).) On June 19, 2018, the Greater Pennsylvania Carpenters' Pension Fund filed a notice of non-opposition to OLERS's motion, conceding that OLERS has the largest financial interest in this action. (Doc. No. 29.)

## II. Lead Plaintiffs

Under the procedures set out by the PSLRA, a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute creates a rebuttable presumption in favor of the "person or group of persons" that (i) either filed the lawsuit or timely moved for appointment as lead plaintiff; (ii) "has the largest financial interest in the relief sought by the class"; and (iii) "otherwise satisfies the requirements" of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Even if no interested individual or entity seeks to rebut the presumption in favor of the group with the largest financial interest, courts independently examine whether the aspiring lead plaintiff satisfies the requirements of the PSLRA. *See Springer v. Code Rebel Corp.*, No. 16-cv-3492 (AJN), 2017 WL 838197, *1 (S.D.N.Y. Mar. 2, 2017) (collecting cases).

OLERS satisfied the first provision of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) when it moved for appointment as lead plaintiff. *See Springer*, 2017 WL 838197, at *1. (Doc. No. 24.) As to the second provision, OLERS claims that it has the largest financial interest of any plaintiff or group of plaintiffs seeking to represent the class. (Doc. No. 25 ("Mem.") at 4.) In fact, OLERS contends that it lost $695,000 dealing in Ericsson ADRs during the class period (*id.* at 5) – which, though

2

this motion is unopposed, in any event exceeds the $573,898 in losses incurred by the Greater Pennsylvania Carpenters' Pension Fund (Doc. No. 22 at 2) – and which is "significant enough" to "rende[r] them suitable to serve as lead plaintiffs, *Logan v. QRx Pharma Ltd.*, No. 15-cv-4868 (PAE), 2015 WL 5334024, *2 (S.D.N.Y. Sept. 14, 2015).

Finally, turning to the third provision, OLERS has made "a sufficient preliminary showing that they can satisfy the relevant requirements of Federal Rule of Civil Procedure 23." *Springer*, 2017 WL 838197, at *2. At this stage, "courts have required only a *prima facie* showing that the requirements of Rule 23 are met." *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 277–78 (S.D.N.Y. 2015). And, of the four Rule 23(a) requirements, only "[t]ypicality" and "adequacy" are "relevant to a determination of a lead plaintiff under the PSLRA." *Sallustro*, 93 F. Supp. 3d at 278. To satisfy the typicality requirement, the lead plaintiff's claims must "'arise[] from the same course of events'" as the class's claims and rely on "'similar legal arguments to prove the defendant's liability.'" *Id.* (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, the lead plaintiff's claims need not be identical to the claims of the class to satisfy the preliminary showing of typicality." *Id.* (internal quotation marks and brackets omitted). To be "adequate," a lead plaintiff must show that "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.*

OLERS meets the typicality threshold. Specifically, OLERS's theory of injury mirrors the one alleged in the complaint; OLERS contends that it purchased Ericsson ADRs at prices which were kept artificially high by Defendants' false and misleading statements and that it was injured as a result. (*Compare* Mem. at 5 *with* Compl. ¶ 3.) *See also Plumbers, Pipefitters & MES Local*

3

*Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097(JFK), 2011 WL 4831209, *2 (S.D.N.Y. Oct. 12, 2011) ("The typicality requirement is easily met here. [Lead Plaintiff], like the other purported plaintiffs in this lawsuit, has asserted that it purchased Fairfax securities during the class period and was injured by false and misleading representations made by defendants in violation of the Securities and Exchange Acts.").

OLERS also satisfies the adequacy requirement. *See Sallustro*, 93 F. Supp. 3d at 278. OLERS's substantial losses provide a sufficient incentive to vigorously litigate this case, there are no indicia of conflicts between it and the putative class, and OLERS's chosen counsel appear to be experienced in the realm of PSLRA class-action litigation. Accordingly, OLERS has made a *prima facie* showing that it will be able to adequately represent the interests of the absent class members.

Because OLERS has, to this point, satisfied all of the PSLRA requirements, the Court appoints OLERS as lead plaintiff.

### III. Lead Counsel

The PSLRA provides that the lead plaintiff(s) "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'" *Sallustro*, 93 F. Supp 3d at 279 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)). Nevertheless, the presumption is not conclusive. The Court is empowered to reject lead plaintiff's chosen counsel when necessary to "protect the interests of the class." *Weltz v. Lee*, 199 F.R.D. 129, 134 (S.D.N.Y. 2001).

Here, OLERS has chosen Robbins Geller to serve as lead counsel. (Mem. at 6–7.) As evidenced by the firm resume submitted in support of OLERS's motion, Robbins Geller has substantial experience in PSRLA litigation. (Doc. Nos. 26-4.) The Court is not concerned that

4

OLERS's chosen firm will fail to protect the putative class's interests. Accordingly, the Court approves OLERS's choice of Robbins Geller as lead counsel for the putative class.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that OLERS's motion for appointment as lead plaintiff is GRANTED. IT IS FURTHER ORDERED THAT Robbins Geller shall serve as lead counsel for the putative class. As provided in the Court's June 5, 2018 Order (Doc. No. 27), OLERS shall file a consolidated amended complaint with sixty days of the date of this order – that is, by Friday, September 21, 2018.

The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 21 and 24. The Clerk of Court is also respectfully directed to change the caption of this action to "*Oklahoma Law Enforcement Retirement System et al. v. Telefonaktiebolaget LM Ericsson et al.*"

SO ORDERED.

Dated:  July 24, 2018
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE